**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSE ROBERTO SALDIVAR CARRILLO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-687-R |
| SCARLET GRANT, et al., | ) ) | |
| Respondents. | ) ) | |

**ORDER**

Petitioner, a citizen of Mexico, entered the United States without inspection over two decades ago. On March 24, 2026, Petitioner was placed into removal proceedings when the Department of Homeland Security issued a Notice to Appear [Doc. No. 1-1] charging Petitioner as subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i). The NTA indicates Petitioner is "an alien present in the United States who has not been admitted or paroled" rather than an "arriving alien." Petitioner is currently being detained at the Cimarron Correctional Facility.

Now before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner argues the mandatory detention provision pursuant to which he is currently being detained, 8 U.S.C. § 1225(b)(2)(A), does not apply to noncitizens like him who previously entered the country. He claims his continued detention without a bond hearing violates his Fifth Amendment Due Process rights. Respondents filed a Response in Opposition [Doc. No. 7]. Petitioner filed a Reply [Doc. No. 8].

1

Respondents argue the Court lacks jurisdiction to consider the Petition under 8 U.S.C. §§ 1252(b)(9) and 1252(g). This Court has previously concluded these provisions do not strip the district court of jurisdiction. *See Nguyen v. Dep't of Homeland Sec.*, No. CIV-26-87-R, 2026 WL 1506428, at *2 (W.D. Okla. May 29, 2026). Upon de novo review, the Court rejects Respondents' arguments and again finds the statute does not jurisdictionally bar consideration of the Petition. *See Cao v. Bondi*, No. CIV-25-1403-G, 2026 WL 637617, at *3 (W.D. Okla. Mar. 6, 2026); *Nguyen v. Bondi*, No. CIV-25-1402-D, 2026 WL 396548, at *4 (W.D. Okla. Feb. 12, 2026).

Respondents also argue that 8 U.S.C. § 1226(e) may foreclose this Court's jurisdiction. The Court disagrees.

> Section 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." "But 1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law, such as those at issue here." *Martinez Rodriguez v. Castro*, No. 2:25-CV-01294-KG-JFR, 2026 WL 252503, at *2 (D.N.M. Jan. 30, 2026); *Salvador F.-G. v. Noem*, No. 25-CV-0243-CVE-MTS, 2025 WL 1669356, at *5 (N.D. Okla. June 12, 2025) ("Congress has placed various limits on the exercise of this jurisdiction [including § 1226(e)]. Nonetheless, federal courts retain jurisdiction under § 2241 to review habeas claims by noncitizen detainees who either challenge their detention as unconstitutional or raise questions of law regarding the extent of the government's statutory authority to detain them.").

*Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026).

Turning to the merits, this Court has previously determined that § 1226(a) governs the detention of noncitizens, like Petitioner, who were apprehended within the United

States after entering the country without admission or inspection.[1] *See, e.g.*, *Valdez v. Holt*, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025).

The Tenth Circuit has now ruled on the § 1225/1226 issue:

We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A). . . .

Noncitizens . . . who entered the United States without admission and who have lived here since . . . are categorically unable to seek admission while they remain in the country. . . The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *5, *7 (10th Cir. June 30, 2026).

Consistent with its prior decisions, and now following the Tenth Circuit's binding precedent, the Court finds Petitioner, who entered the United States without admission and has lived here ever since, is subject to detention under § 1226(a), not § 1225(b)(2). Petitioner is thus entitled to a prompt bond hearing pursuant to § 1226(a).

Given that Petitioner's detention is governed by § 1226(a), the process Petitioner is due is the process provided by that statute, including an individualized bond hearing. *See Quiroz*, 2026 WL 1876709, at *5, *17 n.13 (indicating that because the petitioner could be

---

[1] Respondents contend that because Petitioner only explicitly asserts a Fifth Amendment Due Process claim, relief must be found within that claim alone. But the Petition and briefing fairly encompass the statutory issue: Petitioner clearly states in his Petition that his detention pursuant to § 1225(b)(2)(A) violates the Immigration and Nationality Act. Pet., ¶ 5. He seeks, as an alternative form of relief, a bond hearing pursuant to § 1226(a). *Id.* ¶ 7. Respondents themselves indicate Petitioner's Petition includes an "implied" statutory claim. Doc. No. 7, at p. 17.

properly subject to detention pursuant to § 1226(a), "the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him"); *see also Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because . . . § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). "A bond hearing before a neutral immigration judge will provide immense value as an additional safeguard" and will afford Petitioner "the process he is due under the statute." *Montero Cordova v. Noem*, No. 1:26-cv-00526-KWR-DLM, 2026 WL 867689, at *9-10 (D.N.M. Mar. 30, 2026).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus is GRANTED in part. Respondents are directed to provide Petitioner with a bond hearing within seven days of the date of this order or else release him.[2]

IT IS SO ORDERED this 2nd day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] "At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework." *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026). Although Petitioner is entitled to a custody determination hearing, the Court declines to prospectively specify or alter the burden of proof at this stage. *Id. See also Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings.").