**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE ROBERTO SALDIVAR CARRILLO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-687-R** |
| | ) | |
| **SCARLET GRANT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Before the Court is Petitioner's Motion to Enforce [Doc. No. 13], which asks this Court to order Petitioner's immediate release because Respondents did not properly hold Petitioner's bond hearing pursuant to 8 U.S.C. § 1226 and are detaining Petitioner without any statutory authority. This Court ordered Respondents to respond to Petitioner's Motion [Doc. No. 14]. Respondents failed to do so within the time provided. However, due to a lack of matching records for Petitioner on ICE's Online Detainee Locator System, the Court ordered Respondents to provide the Court with a status update on Petitioner's detention [Doc. No. 15]. At that point, Respondents filed a response in opposition with an update on Petitioner's status [Doc. No. 16]. The matter is now at issue.

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that U.S. Immigration and Customs Enforcement was improperly detaining him in violation of the Due Process Clause of the Fifth Amendment. The Court concluded that § 1226(a) governed Petitioner's detention and instructed Respondents to provide Petitioner with a prompt bond hearing as a remedy.

Respondents did so. Prior to that bond hearing, however, an immigration judge sustained Petitioner's motion to terminate immigration proceedings related to the Notice to Appear that had been issued to him in March of 2026 [Doc. No. 1-1]. Petitioner remained detained, however, and no new Notice to Appear had been issued when Respondents provided Petitioner with a bond hearing. At the bond hearing, an immigration judge found (1) that because the termination of Petitioner's removal proceedings was final, the court lacked jurisdiction to address Petitioner's custody, and (2) alternatively, bond was not warranted because Petitioner did not establish his release would not pose a danger to the community [Doc. No. 13-1].

Petitioner now asserts his immediate release is warranted because (1) in violation of this Court's Order, the immigration judge's lack of authority to review Petitioner's custody indicates the bond hearing was not held under § 1226(a), and (2) Petitioner is being held without any statutory authority. Respondents have now represented that a new NTA has been issued [Doc. No. 16-1] charging Petitioner under the Immigration and Nationality Act § 212(a)(6)(A)(i) as being a noncitizen present in the United States without being admitted or paroled.

Initially, the Court notes that it "retains jurisdiction to address Petitioner's Motion to the extent it must ensure its judgment has been fully effectuated." *Hernandez Casallas v. Jones*, No. CIV-26-053-J, 2026 WL 1239322, at *2 (W.D. Okla. Apr. 17, 2026), report and recommendation adopted sub nom. *Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 1233127 (W.D. Okla. May 5, 2026). However, pursuant to 8 U.S.C. § 1226(e), federal

courts lack jurisdiction to review an Immigration Judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). This provision "does not preclude challenges to the statutory framework that permits the alien's detention without bail[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks and brackets omitted), and courts have exercised jurisdiction over motions that raise constitutional challenges to the bond hearing. *See, e.g.*, *Nucamendiz v. Hyde*, No. 25-CV-13851-ADB, 2026 WL 221449, at *2 (D. Mass. Jan. 28, 2026); *Mendez v. Dedos*, No. 1:26-CV-00394-KG-JHR, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026).

This Court ordered Respondents to provide a bond hearing pursuant to § 1226(a). Petitioner thereafter received a hearing at which the IJ considered whether Petitioner was a flight risk or danger to the community. Though Petitioner represents that Respondents had no authority to detain him at the time of his bond hearing, the record reflects that removal proceedings have once again been initiated against Petitioner [Doc. No. 16-1]. On this record, and in the absence of persuasive argument or authority to the contrary, the Court concludes that it cannot grant Petitioner any further relief at this time.

Moreover, at least on the present record, the Court is unable to conclude that the bond hearing that did occur was conducted in a manner that was constitutionally defective or in violation of Petitioner's due process rights. "The fundamental requirement of due

process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted). Petitioner had the opportunity to present evidence and argument at his bond hearing, at which he was represented by counsel [Doc. No. 13-1]. The Immigration Judge issued a written order explaining the basis of his decision, and Petitioner has not pointed to any evidence the IJ refused to consider, identified any error in the legal standard the IJ applied, or adequately shown he did not receive individualized consideration. In short, "the IJ's decision was not so arbitrary that it offends fundamental tenets of due process." *Hernandez Casallas*, 2026 WL 1239322, at *4.

Additionally, to the extent Petitioner asserts the IJ improperly weighed and evaluated the evidence, "[t]his is exactly the sort of challenge Congress proscribed by passing § 1226(e)." *Cruz v. Mullin*, No. 26-CV-00312-PAB-NRN, 2026 WL 1020491, at *2 (D. Colo. Apr. 15, 2026). This Court does not have jurisdiction to second guess the IJ's discretionary decision regarding the denial of bond. *See id., Mwangi v. Terry,* 465 F. App'x 784, 786-87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.").

Accordingly, on this record, and in the absence of persuasive argument or authority to the contrary, Petitioner's Motion to Enforce [Doc. No. 13] is DENIED without prejudice to resubmission, if appropriate.

IT IS SO ORDERED this 3rd day of September, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE